IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| BRANDON MICKELLE HOWARD, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:21-CV-213-Z-BR |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS**

Before the Court is the *Petition for a Writ of Habeas Corpus by a Person in State Custody* filed by Petitioner BRANDON MICKELLE HOWARD ("Petitioner") challenging the constitutional legality or validity of her state court conviction and sentence. For the following reasons, Petitioner's habeas application should be DISMISSED with prejudice as time barred.

### I.   BACKGROUND

On May 17, 2017, Petitioner was tried by a jury and found guilty of felony Fraudulent Use/Possession of Identifying Information, more than 5 but less than 10 items, out of the 47th District Court of Potter County, Texas, for which she was sentenced to 65 years confinement. *See State v. Howard*, No. 71,883-A; (ECF 8-27 at 30–31). Petitioner filed a Motion for New Trial in the Trial Court, which was denied by operation of law. On March 20, 2018, the Seventh Court of Appeals of Texas affirmed the judgment of conviction of the trial court. *Howard v. State*, No. 07-17-00178-CR, 201 WL 1404483 (Tex. App.—Amarillo Mar. 20, 2018, no pet.). Howard did not file a petition for discretionary review. *Id.*; (ECF 9-1).

On December 1, 2020, Petitioner filed a state habeas application challenging this conviction. *In re Howard*, WR-92,077-01. The state habeas application was denied without written

order on May 5, 2021. (ECF 8-17). On October 15, 2021, Petitioner (through counsel) filed the instant federal habeas action. (ECF 1 at 15).

## II.     PETITIONER'S ALLEGATIONS

Petitioner contends she is being held in violation of the Constitution and laws of the United States for the following reason(s): Petitioner claims she (1) was deprived of due process by the State's suppression of *Brady* material; (2) was deprived of due process and a fair trial by the State's false statement regarding *Brady* materials; (3) received ineffective assistance of counsel from appellate counsel in handling the Motion for New Trial; and (4) received ineffective assistance of counsel by trial counsel during voir dire. (ECF 1 at 3). Petitioner's *Brady* claims arise from her allegations that the State knew or should have known the lead investigator had previously been found untruthful in another investigation. (*Id.*).

## III.     RESPONSIVE PLEADINGS

On January 18, 2022, Respondent filed a Preliminary Answer asserting Petitioner's habeas application should be dismissed with prejudice because it is barred by the AEDPA statute of limitations. (ECF 9 at 3). Petitioner did not file a reply to Respondent's Preliminary Answer.

## IV.     STATUTE OF LIMITATIONS

Title 28 U.S.C § 2244(d) imposes a one-year statute of limitations on federal petitions for writs of habeas corpus filed by state prisoners:

(1)  A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of –

    (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> > (C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> > (D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)      The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2). The limitations period shall run from the date on which the judgment became final <u>unless</u> one of the circumstances set forth in 28 U.S.C § 2244(d)(1)(B), (C), or (D) clearly applies and triggers a later begin date.

The one-year period of limitations ran from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The judgment and sentence for Petitioner's conviction was entered on May 17, 2017. (ECF 8-27 at 30–31). Petitioner timely appealed the conviction and on March 20, 2018, the Seventh Court of Appeals affirmed the conviction. *Howard v. State*, No. 07-17-00178-CR, 201 WL 1404483 (Tex. App.—Amarillo Mar. 20, 2018, no pet.). Petitioner did not file a petition for discretionary review (ECF 9-1); thus, the conviction was final on April 19, 2018. *See* Tex. R. App. P. 68.2(A). Therefore, absent any tolling, the limitations period for Petitioner's conviction expired on April 19, 2019.

Petitioner's October 13, 2021 filing of the instant action occurred more than two years after the limitations period expired for her conviction. While Petitioner submitted a state habeas action on October 20, 2020, which was denied without written order on May 5, 2021, such action does not toll the limitations period under 28 U.S.C. § 2244(d)(2) where such time frame has already expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000); (ECF 9-4).

Therefore, the limitations period expired on April 19, 2019. The instant action was filed more than two years after expiration of the limitations period.

## V.     EQUITABLE TOLLING

The one-year statute of limitations on petitions for federal habeas relief by state prisoners is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling only if she shows (1) that she has been pursuing her habeas rights diligently, and (2) that some "extraordinary circumstance" stood in her way and prevented her from effecting a timely filing. *Id*. at 649. The United States Supreme Court has reaffirmed "that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary and beyond its control." *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755 (2016). Equitable tolling can apply to the one-year limitation period of section 2244(d) only in "rare and exceptional" circumstances. *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." *Holland*, 560 U.S. at 653. Equitable tolling principally applies where the petitioner is "actively misled" by the respondent about the cause of action or was prevented in some extraordinary way from asserting her rights. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). A "garden variety claim of excusable neglect" by the petitioner does not support equitable tolling. *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002).

While Petitioner argues that her "untimeliness be excused under a theory of equitable tolling as Texas has suppressed evidence that would demonstrate her innocence and denied her a fair review of her claim," (ECF 1-1 at 16), such argument fails to demonstrate how she is entitled to equitable tolling in the instant habeas petition. Petitioner first raised arguments regarding a

*Brady* violation in her Amended Motion for New Trial filed on May 18, 2017 and later in her appeal to the Seventh Court of Appeals. (*See Howard v. State*, No. 07-17-00178-CR, 201 WL 1404483 (Tex. App.—Amarillo Mar. 20, 2018, no pet.). The potential *Brady* violation is not new evidence; rather, Petitioner has known about such evidence since at least May 18, 2017—well before the expiration of the limitations period. Petitioner does not attempt to explain her delay in filing this federal habeas application after the limitations period expired on April 19, 2019.

"A garden variety claim of excusable neglect does not support equitable tolling." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000). Petitioner has failed to establish both (1) that she has been pursuing her habeas rights diligently, and (2) that some "extraordinary circumstance" stood in her way and prevented her from effecting a timely filing. *Holland,* 560 U.S. at 649.

## VI.   ACTUAL INNOCENCE

The statute of limitations bar may, in fact, be overcome by a showing of "actual innocence." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) ("actual innocence, if proved, serves as a gateway through which a petitioner may pass" when she is procedurally barred by the expiration of the statute of limitations). In other words, a credible showing of "actual innocence" may allow a prisoner to pursue her constitutional claims on the merits notwithstanding the existence of a procedural bar to relief. *Id.* at 392. "This rule, or fundamental miscarriage of justice exception, is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." *Id*. (*quoting Herrera v. Collins*, 506 U.S.390, 404 (1993)).

A habeas petitioner, who seeks to surmount a procedural default through a showing of "actual innocence" must support her allegations with "new, reliable evidence" that was not presented in the underlying proceedings and must show that it was more likely than not that, in

light of the new evidence, no fact finder, acting reasonably, would have found the petitioner guilty beyond a reasonable doubt. *See Schlup v. Delo*, 513 U.S. 298, 326–27 (1995); *see also House v. Bell*, 547 U.S. 518 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default); *Moore v. Quarterman*, 534 F.3d 454, 465 (5th Cir. 2008) (explaining that evidence was not "new" where "it was always within the reach of [petitioner's] personal knowledge or reasonable investigation"). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. *Bousely v. United States*, 523 U.S. 614, 623–624 (1998).

Petitioner asserts that her timeliness should be excused because she is actually innocent based on an alleged *Brady* violation: namely, that the State withheld evidence that Officer Amburn, the lead investigator in this case, had previously been found to have been untruthful in an administrative investigation. (ECF 1 at 5). Specifically, Petitioner argues that the officer's credibility was a central issue in the trial. (ECF 1-1 at 14). The officer testified at trial that no video record of his investigation was produced due to technical difficulties, and Petitioner argues that she was unable to effectively cross examine the officer because of the suppression of impeachment evidence. (*Id.*).

In *McQuiggin v. Perkins*, 569 U.S. 383, 386–91, (2013), the Supreme Court held that even where a habeas petitioner has failed to demonstrate the due diligence required to equitably toll the statute of limitations, a plea of actual innocence can overcome the AEDPA statute of limitations under the "miscarriage of justice" exception to a procedural bar. A tenable actual innocence claim must persuade a district court that it is more likely than not that no rational fact-finder would have found the petitioner guilty beyond a reasonable doubt in light of the new evidence and the evidence presented at trial. *Floyd v. Vannoy*, 894 F.3d 143, 155 (5th Cir. 2018) (citing *McQuiggin*, 569 U.S. at 386). The untimeliness of a plea of actual innocence does bear on the credibility of the evidence

6

offered. *McQuiggin*, 569 U.S. at 399-400. "[A] credible claim [of actual innocence to excuse the untimeliness of a habeas petition] must be supported by new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Floyd*, 894 F.3d at 155. "This exception's demanding standard requires 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' ... The standard is seldom met." *Id.* at 154-55 (citing *McQuiggin*, 569 U.S. at 401; *House v. Bell*, 547 U.S. 518, 538, 126 S. Ct. 2064, 165 L. Ed. 2d 1 (2006)).

To establish a due process violation under *Brady*, a habeas petitioner must satisfy three elements. *Strickler v. Greene*, 527 U.S. 263, 281–82, 119 S. Ct. 1936, 144 L. Ed. 2d 286 (1999). First, the evidence suppressed must be favorable to the defendant. *Id.* at 281. The evidence may be either exculpatory or impeaching. *Id.* at 282. Second, the state must have suppressed the evidence. *Id.* The suppression may be willful or inadvertent. *Id.* Third, "prejudice must have ensued"—i.e., the suppressed evidence must have been material. *Id.* "[E]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *Bagley*, 473 U.S. at 682. A *Brady* violation must be found if a petitioner demonstrates "that the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." *Kyles v. Whitley*, 514 U.S. 419, 435, 115 S. Ct. 1555, 131 L. Ed. 2d 490 (1995). It is Petitioner's burden under AEDPA to establish that she has a viable claim such that she is entitled to relief. *See Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000).

Even assuming that Petitioner could prevail on the first two elements, she has failed to carry her burden as to the third element—the "cause and prejudice" test. The alleged *Brady*

violation was raised immediately after the trial, prior to entry of the notice of appeal. The trial court reviewed the evidence *in camera* and, via an email explanation to counsel instructing them to draft a proposed order of its decision, determined that exclusion of the alleged *Brady* materials was insufficient to grant a new punishment trial. (ECF 8-3 at 65). Specifically, the trial court found that the disciplinary action taken against Officer Amburn was "based on acts best characterized generally as an omission rather than commission, and in any event would not have been admissible under Rules 404, 608, or 609." (*Id.*). The Motion for New Trial was denied by operation of law, and the alleged *Brady* violations were not addressed by the state appellate court. (ECF 8-27 at 30–31); *Howard v. State*, No. 07-17-00178-CR, 201 WL 1404483 (Tex. App.—Amarillo Mar. 20, 2018, no pet.).

This Court's review of the trial court's decision must be conducted pursuant to AEDPA's highly deferential standards. *Hearn v. Thaler*, 669 F.3d 265, 271 (5th Cir. 2012). AEDPA permits a federal district court to grant habeas relief from a state court decision only on two bases (1) if it determines that the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or (2) if it determines the state court decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). The state court's findings of fact are entitled to a presumption of correctness, and the petitioner may overcome that presumption only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

In the instant case, Petitioner has failed to establish that the state court's adjudication was unreasonable. Consequently, Petitioner has not overcome the time bar for filing a federal habeas corpus petition.

## VII.     FINDINGS AND CONCLUSIONS

The undersigned makes the following findings and conclusions:

1. Petitioner's felony Fraudulent Use/Possession of Identifying Information (more than 5 but less than 10 items) conviction was entered on May 17, 2017. (ECF 8-27 at 30–31). Petitioner timely appealed the conviction and on March 20, 2018, the Seventh Court of Appeals affirmed the conviction. *Howard v. State*, No. 07-17-00178-CR, 201 WL 1404483 (Tex. App.—Amarillo Mar. 20, 2018, no pet.). No further appeals were sought, and the conviction became final on April 19, 2018.

2. Petitioner's federal habeas corpus petition was thus due on or before **April 19, 2019**, at the latest, unless statutorily or equitably tolled.

3. Petitioner's state habeas application regarding the instant action, filed on **December 1, 2020,** and denied on **May 5, 2021**, was filed after the **limitations periods ended** and had no tolling effect.

4. Petitioner has not demonstrated that she is entitled to any periods of equitable tolling.

5. Petitioner's claims do not concern a constitutional right recognized by the United States Supreme Court within the last year and made retroactive to cases on collateral review.

6. Petitioner's claims are not of such a nature that they could not have been discovered, through the exercise of due diligence, until a date subsequent to Petitioner's convictions becoming final.

7. Petitioner's federal habeas corpus application, filed **October 15, 2021**, was filed more than two years after the limitations period expired for her conviction and **is time barred**.

8. Petitioner has failed to demonstrate actual innocence by presenting new reliable evidence showing it is more likely than not that no reasonable juror would have convicted petitioner in light of the new evidence or that the trial court's ruling regarding the contested evidence was unreasonable.

## VIII.     RECOMMENDATION

For the above reasons and the reasons set forth in Respondent's Preliminary Answer filed January 18, 2022 (ECF 9), it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by Petitioner

BRANDON MICKELLE HOWARD be DISMISSED with prejudice as time barred.

## IX.  INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED March 1, 2023.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).